| | |
|---|---|
| 1 | Frank C. Olah (SBN 247843) |
| 2 | *Frank.Olah@jacksonlewis.com*<br>Eric Gamboa (SBN 311924) |
| 3 | *Eric.Gamboa@jacksonlewis.com*<br>**JACKSON LEWIS P.C.** |
| 4 | 725 South Figueroa Street, Suite 2500<br>Los Angeles, California 90017-5408 |
| 5 | Telephone:  (213) 689-0404<br>Facsimile:   (213) 689-0430 |
| 6 | Attorneys for Defendant |
| 7 | ROCKET MORTGAGE, LLC |

# UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISCTRICT OF CALIFORNIA

| | |
|---|---|
| MALIK NICHOLS, an individual,<br><br>  Plaintiff,<br><br>    vs.<br><br>ROCKET MORTGAGE, LLC dba ROCKET CENTRAL; and DOES 1 through 50, inclusive,<br><br>  Defendants. | CASE NO.: **'23CV2169 TWR BGS**<br><br>**NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. §§ 1332, 1441(a), (b)**<br><br>(Filed concurrently with Declarations of Eric Gamboa with Exhibits and Ashley Attaway; Corporate Disclosure Statement; Notice of Interested Parties; and Civil Case Cover Sheet)<br><br>State Complaint Filed:    October 24, 2023 |

TO THE HONORABLE COURT, PLAINTIFF MALIK NICHOLS, AND HIS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendant ROCKET MORTGAGE, LLC (erroneously named and sued as "ROCKET MORTGAGE, LLC dba ROCKET CENTRAL") ("Defendant") hereby invokes this Court's jurisdiction under the provisions of 28 U.S.C. §§ 1332, 1441(a) and 1441(b) and removes the above-entitled action to this Court from the Superior Court of the State of California in and for the County of San Diego. In support thereof, Defendant asserts the following:

# PRELIMINARY STATEMENT OF JURISDICTION

1. This Court has original jurisdiction over this action under 28 U.S.C. § 1332, and this action is therefore one that may be removed to this Court by Defendant under 28 U.S.C. § 1441(a), in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

# VENUE

2. Venue of this action lies in the United States District Court for the Southern District of California pursuant to 28 U.S.C. §§ 1441 which provides in pertinent part that "any civil action brought in State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." Plaintiff MALIK NICHOLS ("Plaintiff") brought this action in the Superior Court of the State of California for the County of San Diego. Thus, venue properly lies in the United States District Court for the Southern District of California under 28 U.S.C. §§ 84(b), 1391(a), and 1441(a).

# PLEADINGS

3. On October 24, 2023, Plaintiff filed a civil complaint against Defendant in the Superior Court of the State of California in and for the County of San Diego entitled *Malik Nichols v. Rocket Mortgage, LLC*, Case No. 37-2023-00046544-CU-WT-CTL which sets forth the following causes of action: (1) Disability Discrimination in Violation of FEHA; (2) Failure to Provide Reasonable Accommodations in Violation of FEHA; (3) Failure to Engage in Good Faith Interactive Process in Violation of FEHA; (4) Retaliation in Violation of FEHA; (5) Failure to Prevent Discrimination, Harassment and/or Retaliation in Violation of FEHA; (6) Retaliation for Reporting Illegal Violation, Cal. Lab. Code § 1102.5; (7) Interference with Rights under California Family Rights Act, Cal. Gov. Code § 12945.2; (8) Retaliation for Requesting/Taking CFRA in Violation of Government Code Section 12945.2; (9) Wrongful Termination in Violation of Public Policy; (10) Failure to Pay Minimum Wages; (11) Failure to Pay Overtime Wages; (12)

Failure to Provide Meal Periods; (13) Failure to Authorize or Permit Rest Periods; (14) Failure to Timely Pay Final Wages; and (15) Unfair Competition, Cal. Bus. & Prof. Code, § 17200 *et seq*. ("Complaint"). Declaration of Eric Gamboa in Support of Notice of Removal ("Gamboa Decl."), **Exhibit A** therein.

## TIMELINESS OF REMOVAL

4. Plaintiff served Defendant with the Summons and Complaint and related court documents on October 27, 2023. (*Id*. at ¶ 2.)

5. This Notice of Removal has been filed within thirty (30) days after Defendant first received a copy of Plaintiff's Summons and Complaint upon which this action is based. This Notice of Removal is therefore filed within the time period provided by 28 U.S.C. § 1446(b).

## DIVERSITY OF CITIZENSHIP

6. For purposes of determining diversity of citizenship, an individual is deemed a citizen of the state in which they are domiciled. *See Kanter v. Warner-Lambert Co.,* 265 F.3d 853, 857 (9th Cir. 2001). A person's domicile is his or her permanent home, where they reside with the intention to remain or to which they intend to return. (*Ibid*.) A plaintiff's place of residency is evidence of their domicile absent affirmative allegations to the contrary. See, e.g., *Taheny v. Wells Fargo Bank*, N.A., 878 F. Supp. 2d 1093, 1095 n.3 (E.D. Cal. 2012) ("plaintiffs allege that their principal dwelling is in El Dorado Hills, California. In this Circuit, that appears to be at least prima facie evidence of California citizenship."); *Grossman v. FCA US LLC*, No. CV 17-2048 DMG (JPRx), 2017 U.S. Dist. LEXIS 223486, at *6-7 (C.D. Cal. May 25, 2017) ("Under Supreme Court precedent, '[t]he place where a person lives is taken to be his domicile until facts adduced establish the contrary,'" citing *Anderson v. Watt*, 138 U.S. 694, 706 (1891)); *Bey v. Solarworld Indus. Am*., 904 F. Supp. 2d 1103, 1105 (D. Or. 2012) ("A person's residence is prima facie evidence of his or her place of domicile"). The grounds for invoking diversity jurisdiction are evaluated as they existed on the date that the

underlying legal action was filed. See *Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 570 (2004).

7. Plaintiff's Complaint alleges that "Plaintiff is, and at all times relevant to this action was, a resident of San Diego County, California." Exhibit A, ¶¶ 3, 13, 35 ("Plaintiff moved to California on or about April 7, 2021"). Further, Defendant's records confirm that Plaintiff's primary home address has been documented as San Diego, California, from 2021 through the duration of his employment, which ended in February 2022. Exhibit A, ¶ 3; Declaration of Ashley Attaway in Support of Notice of Removal ("Attaway Decl.") ¶ 3. Therefore, for purposes of diversity jurisdiction, Plaintiff is a citizen of California.

8. Defendant is a limited liability company organized under the laws of the State of Michigan. "[A]n LLC is a citizen of every state of which its owners/members are citizens. *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). At the time the Complaint in this action was filed on October 24, 2023, Defendant's sole member was RKT Holdings, LLC. RKT Holdings, LLC, a limited liability company organized under the laws of the State of Michigan, has three members: (1) Rock Holdings, Inc., (2) Rocket Companies, Inc., and (3) Dan Gilbert. As corporations, Rock Holdings, Inc. and Rocket Companies, Inc., are deemed a citizen of the state in which it is incorporated and the state where it maintains its principal place of business. See 28 U.S.C. § 1332 (c). Rock Holdings, Inc. is a Michigan corporation, with its principal place of business in Detroit, Michigan. Rocket Companies, Inc. is a Delaware corporation, with its principal place of business in Detroit, Michigan. Dan Gilbert is a natural person, with his domicile in Michigan.

9. The presence of Doe defendants has no bearing on the diversity with respect to removal. See 28 U.S.C. § 1441(a) ("For purposes of removal under this Chapter, the citizenship of defendants used under a fictitious name shall be disregarded.").

///

///

# AMOUNT IN CONTROVERSY

10. Without conceding that Plaintiff is entitled to damages or can recover damages in any amount whatsoever, the amount in controversy in this action exceeds $75,000. 28 U.S.C. § 1332. The Complaint does not specify the total relief claimed, as Plaintiff only alleged satisfaction of the $25,000.00 amount for unlimited civil cases in the Superior Court of California. Exhibit A, ¶ 12 ("The amount of damage sought herein is greater than $25,000."). Plaintiff's failure to specify the amount of damages does not deprive this Court of jurisdiction. See, e.g. *Banta v. Am. Med. Response Inc.*, No. CV 11-03586 GAF (RZx), 2011 U.S. Dist. LEXIS 77558, at *3 (C.D. Cal. July 15, 2011) ("[E]ven where a pleading is indefinite on its face, a defendant may possess sufficient information allowing it to ascertain that the amount in controversy exceeds the jurisdiction minimum, may remove the action to federal court on that basis, and, if challenged, may present evidence to prove up the existence of removal jurisdiction.") *White v. J.C. Penney Life Ins. Co.*, 861 F.Supp. 25, 26 (S.D. W.Va. 1994) (defendant may remove a suit to federal court notwithstanding the failure of plaintiff to plead a specific dollar amount in controversy; otherwise, "any plaintiff could avoid removal simply by declining….to place a specific dollar value upon its claim."). As held by the United States Supreme Court, a "defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold," but the statement need not contain evidentiary submissions. *Dart Cherokee Basin Operating Co., LLC v. Owens,* 574 U.S. 81, 89 (2014).

11. In determining whether the amount in controversy exceeds $75,000, the Court must presume the plaintiff will prevail on each and every one of his claims. See *Cabrera v. S. Valley Almond Co., Ltd. Liab. Co.,* No. 1:21-CV-00748-AWI-JLT, 2021 U.S. Dist. LEXIS 240881, at *25 (E.D. Cal. Dec. 16, 2021); *Kim v. Stewart*, No. 2:23-cv-03576-SPG-KS, 2023 U.S. Dist. LEXIS 129659, at *8 (C.D. Cal. July 25, 2023) (the amount in controversy "encompasses all relief a court may grant on that the complaint if the plaintiff is victorious"). The argument and facts set forth herein may appropriately be

considered in determining whether the jurisdictional amount in controversy is satisfied. *Cohn v. Petsmart, Inc.* (9th Cir. 2002) 281 F.3d 837, 843, n.1. Further, the amount in controversy is not measured by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated. *Angus v. Shiley, Inc.*, 989 F.2d 142, 146 (3d Cir. 1993).

### A. Economic Damages

12. Plaintiff's Complaint alleges that he incurred "compensatory damages, including without limitation lost wages, earnings, earnings, benefits, and other compensation." Exh. A at p. 28:4-7. Plaintiff's causes of action brought pursuant to the Fair Employment and Housing Act ("FEHA"), if he were to prevail, would result in damages for back pay from the time of the contested adverse employment action. *Salas v. Sierra Chem. Co.*, 59 Cal. 4th 407, 420 (2014). Moreover, economic damages under the FEHA may also include an award of lost future earnings. *Chavez v. JPMorgan Chase & Co.,* 888 F.3d 413, 417 (9th Cir. 2018); Mendoza v. QVC Inc., No. 5:20-CV-01595-ODW (KKx), 2021 U.S. Dist. LEXIS 30518, at *7 (C.D. Cal. Feb. 18, 2021) ("Where a trial date is not yet set, courts have found one year from the date of removal to be a conservative trial date estimate in employment cases" for purposes of calculating the amount in controversy).

13. Plaintiff's rate of pay at the time of his separation of employment with Defendant on February 4, 2022, was $62,400 per year (i.e., $5,200 per month). (Attaway Decl., ¶ 4.). Based on this salary, and assuming this matter is taken to trial in 12 months from the date of this Notice of Removal (i.e., November 2024, which is an aggressive schedule given the backlog faced by Courts), Plaintiff could stand to accrue back pay for 33 months, totaling approximately $171,600. Even if the foregoing rate was drastically reduced by 50% based on any mitigation efforts, the minimum threshold would still be satisfied based on back pay alone. Further, if Plaintiff were to recover just 6 months of front pay, he would stand to gain an additional $31,200 in damages.

### B. <u>Non-Economic Damages</u>

14. Plaintiff's Complaint alleges that he incurred "damages for emotional distress, loss of enjoyment of life, humiliation, pain and suffering, injury to reputation, fear, anxiety, and anguish." Exhibit A at p. 28:4-7. Although Plaintiff's economic damages detailed above readily exceed the $75,000 threshold for the amount in controversy, Plaintiff's claimed non-economic damages further reinforce the same outcome.

15. "Punitive damages and emotional distress damages in disability discrimination cases can be 'substantial' even when lost wages fall short of the jurisdictional minimum. *Hurd v. Am. Income Life Ins.*, No. CV-13-05205 RSWL-MRW, 2013 U.S. Dist. LEXIS 147849, at *17 (C.D. Cal. Oct. 10, 2013); see, e.g., *Velez v. Roche* (N.D. Cal. 2004) 335 F.Supp.2d 1022, 1038-40 (surveying jury awards granted in discrimination cases ranging from $200,000 to $1,000,000 and concluding that such "cases still demonstrate that substantial jury awards of *hundreds of thousands of dollars* for non-economic damages have been upheld where there is evidence […] that the plaintiff suffered heightened mental anguish) (emphasis added).

16. As detailed above, Plaintiff contends he has suffered from a variety of serious ailments including loss of enjoyment of life, fer, anxiety, and anguish. Plaintiff's claims for non-economic damages, therefore, are very likely to reach the six-figure range if he were to prevail on his claims, and even "hundreds of thousands of dollars" if he can establish heightened mental anguish. *Velez*, *supra*, 335 F.Supp.2d at 1040.

### C. <u>Punitive Damages</u>

17. Punitive damages are also included in calculating the amount in controversy. "Punitive damages […] in disability discrimination cases can be 'substantial' even when lost wages fall short of the jurisdictional minimum." *Hurd, supra,* 2013 U.S. Dist. LEXIS 147849, at *17; see also *Keiffer v. Bechtel Corp.,* 65 Cal. App. 4th 893, 895 (1998) (California Court of Appeal upheld a punitive damages award of $800,000 in a case involving discrimination claims brought pursuant to the FEHA.) Courts generally base

punitive damages as a multiplier of compensatory damages, and generally are confined to no more than four times the amount of compensatory damages. See *Correa v. Ford Motor Co.*, No. 2:23-cv-02389-AB-PD, 2023 U.S. Dist. LEXIS 123618, at *9 (C.D. Cal. July 17, 2023).

18. Here, Plaintiff contends that Defendant's conduct was "malicious, fraudulent, or oppressive and done with a willful conscious disregard for Plaintiff's rights," and Plaintiff expressly seeks "an award of punitive damages." Exhibit A, ¶¶ 51, 68, 85, and at p. 28:9 (Prayer for Relief).

19. As detailed above, Plaintiff's compensatory damages will likely reach well into the six-figure range. However, even if Plaintiff's *total* compensatory damages were as low as $18,750.25 combined (which is highly implausible but used herein for the sake of argument), his punitive damages alone would meet the minimum threshold for the amount in controversy utilizing a four-times multiplier.

### D. Attorneys' Fees

20. The amount in controversy may also include attorneys' fees that are recoverable by statute. *See Galt v. JSS Scandinavia,* 142 F.3d 1150, 1155-56 (9th Cir. 1998). Plaintiff may be entitled to recover such fees if he were to prevail in any of his FEHA claims, as well as his retaliation claim under the Labor Code. Gov. Code § 12965(c)(6); Labor Code § 1102.5(j).

21. "[L]itigating a discrimination case 'will undoubtedly require substantial effort from counsel' and 'attorneys' fees in individual discrimination cases often exceed the damages.'" *Hurd, supra*, 2013 U.S. Dist. LEXIS 147849, at *17-18. An hourly of fee of $300 per hour has deemed a reasonable rate for employment cases, and estimates for the number of hours expended through trial for employment cases generally range from 100 to 300 hours.

22. In this case, Plaintiff's counsel bills at "$950 per hour of attorney time." Gamboa Decl., **Exhibit B** therein at p. 9. Even utilizing the conservative range of 100

hours, which is on the lower end given the sheer number and nature of Plaintiff's causes of action, Plaintiff could recover $95,000 in attorneys' fees.

### E. Settlement Demands

23. A defendant can use a plaintiff's settlement demand to establish the amount in controversy. See, e.g., *Cohn v. Petsmart, Inc.,* 281 F.3d 837, 840 (9th Cir. 2002); *Briggs v. Serv. Corp Int'l*, No. C22-1646JLR, 2023 U.S. Dist. LEXIS 14411, at *5-6 (W.D. Wash. Jan. 27, 2023) (A plaintiff's settlement demand can be used to establish the amount in controversy "if it appears to reflect a reasonable estimate of the plaintiff's claim"); *Myers v. Wells Fargo Sec., LLC*, No. CV 19-5245-MWF-RAO, 2019 U.S. Dist. LEXIS 205500, at *14 (C.D. Cal. Nov. 25, 2019) ("courts have routinely concluded that the settlement privileges at issue here (California Evidence Code § 1152 and Federal Rule of Evidence 408) do not bar consideration of an offer to compromise to determine the amount in controversy"); *Hauer v. Priceline.com Inc.*, No. C 08-02608 JSW, 2008 U.S. Dist. LEXIS 111143, at *5-6 n.1 (N.D. Cal. Aug. 6, 2008) (concluding the same).

24. A settlement demand is generally deemed to reflect a reasonable estimate of the value of the underlying claims for purposes of satisfying the amount in controversy when the demand is accompanied by supporting information as to how the number was reached. *Briggs v. Serv. Corp Int'l*, No. C22-1646JLR, 2023 U.S. Dist. LEXIS 14411, at *7-9 (W.D. Wash. Jan. 27, 2023) ($250,000 settlement demand taken into account when it was conveyed alongside an explanation that referenced facts such as the number of years the plaintiff worked for the company, the type of discrimination at issue, nature of the discriminatory comments, and more, and rejecting plaintiff's post-removal argument that the demand was mere "puffing.").

25. Here, Plaintiff's counsel issued a nine-page settlement demand on May 3, 2023, in the amount of $600,000 effective until May 17, 2023 "after which the amount …will only increase because of additional attorney and staff time, continuing investigation expenses, and other resources as costs expended to litigation this matter." Gamboa Decl., **Exhibit B** therein.

26. Through the course of negotiations between Plaintiff's counsel and Defendant's counsel, Plaintiff's latest settlement demand issued on September 15, 2023, was in the amount of $275,000. Gamboa Decl., ¶ 4, **Exhibit C** therein. Plaintiff's latest settlement demand was bolstered by a detailed explanation outlining counsel's reasoning and rebuttal to Defendant's response, thus demonstrating that said offer reflects a reasonable estimate of the value of the underlying claims for purposes of satisfying the amount in controversy. *Briggs v. Serv. Corp Int'l*, No. C22-1646JLR, 2023 U.S. Dist. LEXIS 14411, at *7-9 (W.D. Wash. Jan. 27, 2023). In sum, each of Plaintiff's settlement demands are sufficient to meet and the amount in controversy requirement.

### F. <u>Statutory Penalties</u>

27. Plaintiff's Complaint alleges a cause of action for retaliation under California Labor Code section 1102.5 Exhibit A, ¶¶ 113-123. The foregoing statute authorizes Plaintiff to recover a "civil penalty not exceeding ten thousand dollars ($10,000) for each violation[.]" Labor Code ¶ 1102.5(f). Accordingly, the prospective damages detailed herein would be raised by an additional $10,000.

28. Plaintiff's Complaint alleges a cause of action for failure to pay final wages pursuant to California Labor Code section 201 et seq., and specifically claims entitlement for "waiting time penalties for up to thirty days." Exhibit A, ¶¶ 67-74. The foregoing statute authorizes Plaintiff to recover his daily pay for each day he is not paid overdue wages, for a maximum of thirty days. Labor Code § 203(a). Accordingly, the prospective damages detailed herein would be raised by an additional $5,200.

29. Plaintiff alleges that he is due overtime pay and pay for missed break and meal periods. Plaintiff did not specify the number of hours of overtime that he worked, but the relevant time period is from April 7, 2021, to February 4, 2022. Exhibit A, ¶¶ 35 (Plaintiff moved to California on or about April 7, 2021), 33, 37. He also did not specify the number of meal or rest periods he missed, but he alleged that Defendant had a "work culture [that] emphasized working through meal breaks and highly discouraged pushing back on this[.]" Exhibit A, ¶ 36. If Plaintiff prevailed on these claim, he would be able to

1  recover the unpaid balance of unpaid overtime, which is paid at no less than 1.5 his
2  regular rate of pay (for work in excess of eight hours in one workday or in excess of 40
3  hours per week) to 2 times his regular rate (for work in excess of 12 hours per day).
4  Labor Code §§ 1194 (a), 510(a). Also, Plaintiff could recover one hour of his regular rate
5  of pay for each missed meal or rest period. Labor Code § 226.7(b).  Here, Plaintiff's
6  hourly rate was approximately $30.00 based on his annual salary at the time of his
7  termination, such that he would be entitled to $45 to $60 dollars for each of unpaid
8  overtime and $30 for each day in which he missed a meal or rest break, all of which
9  would be added to the damages detailed above that already surpass $75,000.

## CONSENT TO REMOVAL

11  30.  Defendant is unaware of any other defendant having been named or served
12  with the Complaint in this action.  Accordingly, all named Defendants join in the removal
13  of this action in accordance with 28 U.S.C. § 1446(b)(2)(A).

## CONCLUSION

15  **WHEREFORE,** Defendant prays the above action now pending against it in the
16  Superior Court of the State of California for the County of San Diego be removed to this
17  Court on the basis of diversity jurisdiction.

18                                             Respectfully submitted,
19  DATED:  November 27, 2023         **JACKSON LEWIS P.C.**

20                                             By: _____
21                                                 Frank C. Olah
22                                                 Eric Gamboa

23                                             Attorneys for Defendant
24                                             ROCKET MORTGAGE, LLC